1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

LOUIE DIAZ,

                    Petitioner,

          vs.

SCOTT FRAUENHEIM, Warden,

                    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 13-06202-SJO (DTB)

ORDER ACCEPTING FINDINGS,
CONCLUSIONS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

17
18
19
20
21
22
23

          Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition ("FAP"), all the records and files herein, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. Objections ("Obj.") to the R&R have been filed herein. Having made a de novo determination of those portions of the R&R to which objections have been made, the Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge as to both the R&R and the February 18, 2014 Order as construed as a Report and Recommendation.

24   / / /
25   / / /
26   / / /
27   / / /

28          The Court briefly addresses the arguments raised in the Objections.  First,

1

petitioner appears to be claiming – for the first time – that he is entitled to equitable tolling because his appellate counsel failed to provide him copies of his trial transcripts until January 15, 2014.  (Obj. at 3-4.)[1]  The Court has the discretion, but is not required, to consider arguments presented for the first time in a party's objections.  See Akhtar v. Mesa, 698 F.3d 1202, 1208-09 (9th Cir. 2012); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) ("a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation").  Out of an abundance of caution, the Court has reviewed and considered petitioner's new contention and concludes that it is without merit.

As previously explained, the two requirements for equitable tolling are: "(1) [T]hat [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  Additionally, "the prisoner must show that the "extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended).  While the denial of access to legal files may, in some circumstances constitute an "extraordinary circumstance" beyond a petitioner's control for purposes of justifying the application of equitable tolling to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") statute of limitations, see Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam); see also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005), lack of access to trial transcripts does not.  See Hall v. Warden, Lebanon Corr.

---

[1]     As noted in the R&R, petitioner alleged in his state habeas petition filed in the Los Angeles County Superior Court that his appellate counsel failed to provide him with his transcripts "despite repeated requests," (see Lodgment No. 10 at 6), although he did not reassert this contention in his Opposition to the Motion to Dismiss or provide any specific evidence demonstrating that he requested the transcripts.

Inst., 662 F.3d 745, 751-52 (6th Cir. 2011); Arriaga v. Gonzales, 2014 WL 5661023, at *11 (C.D. Cal. Oct. 31, 2014) ("Petitioner's lack of access to his trial transcripts is not the sort of impediment that justifies equitable tolling."); Robles v. McEwen, 2012 WL 5471111, at *5 (C.D. Cal. Sept. 18, 2012) (petitioner's lack of his trial transcripts is insufficient alone to justify equitable tolling), Report and Recommendation accepted by 2012 WL 5471124 (C.D. Cal. Nov. 9, 2012); Sousa v. Yates, 2010 WL 369299, at *1 (C.D. Cal. Jan. 25, 2010) (noting that "the United States Courts of Appeals have uniformly rejected equitable tolling arguments premised on a petitioner's lack of transcripts"). Petitioner vaguely alleges that he "repeated[ly] request[ed]" his transcripts. (Obj. at 4.) However, petitioner does not identify any specific efforts or provide any evidentiary support regarding his "repeated requests." Further, petitioner has not shown that his trial transcripts were required to present his claims, or that the lack of access to these transcripts caused the untimeliness of the instant FAP. Even if petitioner could not provide pinpoint citations to the transcripts (see id.), if diligent, he still could have prepared and filed a basic form habeas petition within the AEDPA deadline. See Waldron-Ramsey, 556 F.3d at 1014 ("If diligent, [the petitioner] could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline."); Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th Cir. 2002) (per curiam) (Petitioner not entitled to equitable tolling due to lack of trial transcript where he "was present at trial and knew the basis on which he could have asserted [his habeas claim]."). Accordingly, equitable tolling is inappropriate on this basis.

Further, the Court agrees with the finding of the Magistrate Judge that petitioner is not entitled to equitable tolling based on the lack of access to his case file. First, petitioner has failed to demonstrate that his lack of access to his case file caused his untimeliness. Petitioner raises six claims of ineffective assistance of counsel in his FAP. Petitioner was aware of the factual predicate for each of these claims prior to or during trial. Five of the claims are based on issues occurring during trial and the

3

1  remaining claim was based on the failure to file a <u>Pitchess</u>[2] motion, which petitioner

2  raised with the trial court prior to trial.  Although petitioner asserts in two of his

3  claims that his trial counsel failed to interview or consult with witnesses and experts,

4  both of these claims ultimately turn on counsel's failure to call these witnesses at trial.

5  (<u>See</u> FAP Mem. at 15-16, 18-19.)  Petitioner was present at trial and thus, the alleged

6  lack of access his case file could not have caused his untimeliness.

7      Additionally, petitioner challenges the Magistrate Judge's finding that he did

8  not demonstrate that he acted diligently in pursuing his case file, and in particular, the

9  Magistrate Judge's finding that there was no evidence petitioner sought his case file

10  prior to March 15, 2014.  (Obj. at 6.)  Petitioner cites to his December 23, 2013

11  Motion for Stay, in which he stated that he had diligently sought to obtain his

12  "reporters and clerks transcripts."  (Dkt. No. 18 at 1-2.)  However, not only did his

13  Motion for Stay make no reference to a request for his case file, which petitioner

14  describes as containing "discovery" and "other non-record documents" (Obj. at 4),

15  like his other contentions, the allegations in his Motion for Stay are vague and

16  conclusory, and devoid of any specific supporting facts regarding his efforts to obtain

17  his transcripts.

18      Petitioner also cites to his outgoing legal mail log in support of his contention

19  that he diligently pursued his case file.  In particular, he refers to an entry on

20  December 30, 2013 addressed to "Chief Trial Counsel."  (Obj. at 7, Exhibit ["Exh."]

21  3.)  Petitioner maintains that this entry demonstrates that he was contacting the

22  California State Bar in December 2013 regarding counsel's failure to return his case

23  file.  (<u>Id.</u>)  However, even though during the course of this action, petitioner has

24  otherwise provided copies of numerous letters he has written and received, petitioner

25  neither provides a copy of the letter he wrote to the California State Bar in December

26  2013, confirming the subject matter of his communication, or the response to such

27

28      [2]      <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 113 Cal. Rptr. 897 (1974).

letter.  Further, petitioner's contention that he contacted trial counsel prior to March 15, 2014 and notified the California State Bar prior to this time is belied by the May 27, 2014 complaint he lodged with the California State Bar regarding his counsel's failure to turn over his case file.  In that complaint, petitioner expressly alleged that he wrote his trial counsel on or about March 15, 2014 and he did not receive a response.  Nothing in the complaint references any earlier requests.  Moreover, in response to a question on the complaint form asking whether petitioner or a member of his family previously complained about his attorney, he responded "No."  The response from the California State Bar similarly makes no reference to any earlier complaints or letters submitted by petitioner regarding his trial counsel.  (Obj., Exh. 5 at 14-16.)  On this record, the Court concludes that petitioner is not entitled to equitable tolling based on his lack of access to his case file.

Finally, the Court concludes that petitioner is not entitled to an evidentiary hearing.  An evidentiary hearing is not warranted where, as here, "the record refutes the applicant's factual allegations or otherwise precludes habeas relief," Schriro v. Landrigan, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007), and petitioner has failed to demonstrate reasonable diligence.  Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (explaining that the petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence); Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006) (as amended) ("The purpose of requiring habeas petitioners to demonstrate diligence in order to be entitled to an evidentiary hearing regarding equitable tolling is to ensure that the extraordinary circumstances faced by [the petitioners]–and not their lack of diligence–were the cause of the tardiness of their federal habeas petitions.").

/ / /

IT IS THEREFORE ORDERED that (1) respondent's Motion to Dismiss is granted; (2) petitioner's request for an evidentiary hearing is denied; and (3) Judgment is entered denying the FAP and dismissing this action with prejudice.

1

March 2, 2016

*S. James Otero*

2   DATED: _____

3   THE HONORABLE S. JAMES OTERO
    UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28